By the Court :
Said section 2858, Revised Statutes under and by virtue of'which Mr. Arnold claims his appointment, reads as follows:
“The county commissioners shall, at their September session annually, cause the list of persons delinquent in the payment on personal property to be publicly read; and they may at any time, if they deem the same necessary, authorize the treasurer to employ collectors to collect the same or any part thereof, prescribing the compensation of such collectors which shall be paid out of the county treasury; and all such allowances shall be apportioned ratably by the county auditor among all the funds entitled to share in the distribution of such taxes.”
The list in this section spoken of is the delinquent list; and the section is mandatory in so far as causing that list to be publicly read. The reading is for the information of the county commissioners, to enable *484 them to judge and determine, from hearing the list read, whether they deem it necessary to authorize the treasurer to employ collectors to collect the list or any part thereof, and to prescribe the proper and reasonable compensation to be paid to such collectors for their services. Without hearing the delinquent list read, they would have no information upon which to determine whether they deem it necessary to authorize the treasurer to employ such collectors; neither could they determine whether the whole list should be collected by collectors, or only a part thereof, and the remainder by the treasurer, as by other statutes provided; nor could they determine Avithout hearing the list read, AA'liat compensation should .reasonably be paid for the collections to be made. So that until the delinquent list is caused to be read, the commissioners can take no step toAvard authorizing the appointment of a collector, and any step taken by them before the reading of such list is absolutely void. The causing of the list to be publicly read is a condition precedent to authorizing the treasurer to employ such collector. It is the manner provided by statute for bringing the question of appointing collectors before them for consideration and determination. Statutes enacted for the protection of the public revenues, are usually not merely directory, but mandatory.
When the delinquent list has been so publicly read, the commissioners may at any time Avhen they deem it necessary, authorize the treasurer to employ collectors to collect the same, or any part thereof; that is, to coliect that list which has been so read, but such employment Avould ho.ld good for that list only and Avould not extend to the next delinquent list. Each delinquent list must be read and an employment *485 made to collect the same, but there can be no employment of collectors to collect future lists. The employment of such collectors cannot be turned into an office to be held to the end of the treasurer’s term, or for any definite period. His employment is to collect the delinquent list Avhich has been read, or some part thereof, and Avhen that is done, his.employment ends.
This section of the statute provides that the commissioners shall prescribe the compensation of the collectors; and the provision is not complied Avith AA’hen the commissioners prescribe that it shall not exceed a certain sum, or certain per centum. They are required to fix definitely and exactly Avhat compensation the collector shall receive. It is their judgment that is to be exercised, and not the judgment o-f the treasurer, though limited by fixed bounds.
In this case it is conceded that the commissioners did not cause the delinquent list to be read. They therefore had no jurisdiction to authorize the treasurer to employ a collector, and the pretended employment of Mr. Arnold Avas void, not only as to the collection of the delinquent list of 1897, but also as to that of the succeeding year '1898, in Avhich substantially all the collections in question were made. It Avas also void for the further reason that the commissioners failed to prescribe his compensation. It cannot be tolerated that he make his collections, and the commissioners fix and alloAV his compensation thereafter. The compensation must be prescribed by the commissioners before the collections are made. The statute not having been complied Avith, it follows that Mr. Arnold is not entitled to receive any money out of any public treasury for the collections by him made, and the commissioners properly rejected his claim. The court of common pleas erred in render *486 ing judgment, in his favor, and the circuit court erred in affirming the common pleas.
The judgments of both courts will be reversed, and judgment rendered in favor of the plaintiff in error, and against the defendant in error.
Judgments reversed, and judgment for plaintiff in error.
Williams, Btjrkbt, Spear, Davis and Shauck, JJ., concur.